EDWARD DiFUSCO *d.b.a.* DiFUSCO CONSTRUCTION COMPANY *vs.* JOHN CIPOLLA *d.b.a.* RALPH'S CAFE.

JULY 17, 1958.

PRESENT: Condon, C.J., Roberts, Andrews, Paolino and Powers, JJ.

PAOLINO, J. This is an action of assumpsit based upon the alleged breach of a building contract by the defendant. The case was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff in the sum of $949.49. Thereafter the defendant's motion for a new trial was denied and he has duly prosecuted

his bill of exceptions to this court. The case is before us on his single exception to the denial of such motion, the defendant having expressly waived his exception to certain evidentiary rulings.

The pertinent allegations of the declaration are in substance that the parties entered into a contract whereby plaintiff agreed to do certain work for defendant in return for the latter's agreement to pay plaintiff cost plus 10 per cent, plus $75 per week. In support of his claim plaintiff testified that sometime in the spring of 1956 he entered into an oral agreement with defendant to furnish all labor and materials for certain work in renovating defendant's building in the city of Warwick; that defendant agreed to pay him $75 a week to supervise the work plus 10 per cent of the over-all cost of labor and materials; and that he was to be reimbursed by defendant for all moneys expended by him for labor and materials used on the job.

On the other hand defendant denies the existence of any cost-plus agreement. He testified in substance that his agreement was that plaintiff was to be paid a certain fixed price, to wit, $2,700.70 plus 10 per cent out of which plaintiff was to pay his bills and make his profit.

It appears from the evidence that certain difficulties arose during the progress of the work necessitating additional cost. The defendant claims that as a result of such additional work the fixed price which he alleges had been originally agreed upon between the parties was raised to a higher fixed price, but he denies ever having made a contract on a cost-plus basis.

The defendant concedes in his brief that the case was submitted to the jury solely on the credibility of the parties and their witnesses on the narrow issue of whether the contract entered into was as contended by plaintiff or whether it was as testified to by defendant and his witnesses. On this issue the jury's verdict in favor of plaintiff was approved by the trial justice.

The defendant's motion for a new trial consists of six grounds. However, he has expressly waived the fourth and sixth grounds thereof and the fifth ground is not properly before us. Therefore, we shall only consider the first three grounds of his motion, namely, the usual grounds that the verdict is against the law, the evidence and the weight thereof. The defendant contends here, as he did in arguing the motion for a new trial in the superior court, that the verdict is against the weight of the evidence. He admits now, as he did then, that the determination of the instant case depends upon credibility. His main contention is that the testimony of plaintiff and his witnesses is unworthy of belief and is inherently improbable. In support of this contention he has attempted to point out certain testimony of plaintiff which he claims shows inconsistencies.

In denying defendant's motion for a new trial, the trial justice pointed out that a determination of the conflicting evidence, namely, whether there was an agreement for a fixed price plus 10 per cent or an agreement to pay cost plus 10 per cent plus $75 a week for those weeks during which plaintiff worked, turned on the question of credibility. After carefully analyzing the pertinent evidence he further pointed out other evidence which might have influenced the jury in believing the testimony of plaintiff and his witnesses that the contract was as contended by plaintiff rather than defendant's testimony to the contrary.

After noting that he could not say that the jury was in error in finding that plaintiff had sustained his burden of proof by a fair preponderance of the evidence, the trial justice further stated that he had weighed the evidence independently. He thereupon concluded that the verdict was not against the evidence or the law as given by him to the jury and that such verdict responded to the merits of the controversy and did justice between the parties.

The trial justice exercised his independent judgment in passing upon the weight of the evidence and the credibility

of the witnesses. It is well settled that the verdict of a jury which has been fully approved by the trial justice is entitled to great weight and should not be set aside unless it is clearly wrong. *Hayward* v. *Girard*, 83 R. I. 348, 353.

We have carefully examined the record and are of the opinion that reasonable minds might draw different conclusions from the conflicting evidence depending upon whose testimony they found worthy of belief. The jury accepted the testimony for the plaintiff and their verdict has been approved by the trial justice who, like the jury, had an opportunity to see and hear the witnesses as they testified. We find nothing to indicate that the trial justice overlooked or misconceived any material evidence. In the circumstances we cannot say that his decision is clearly wrong.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Isidore Kirshenbaum, Alfred Factor,* for plaintiff.

*F. Thomas O'Halloran,* for defendant.